UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER MITTON, SHANI RASOR,            Case No:
CAMERON COOK, and RODERICK JACKSON    Hon.

      Plaintiffs,

-vs-

CHRISTIAN INSURANCE GROUP, d/b/a
CHRISTIAN FINANCIAL, JACOB HAGG,
NOAH BUSHNELL, MARISSA WARREN,
DAVID THOMPSON, REBECCA RILEY, and
DELPHINE LIM

      Defendants.
_____/

**Peter A. Angelas** (P41739)
**John T. Alexander** (43789)
Alexander & Angelas, PC
Attorneys for Plaintiffs
30200 Telegraph Rd – Ste 400
Bingham Farms, MI  48025
248-290-5600  F:  248-290-5800
peter@alexanderandangelas.com
_____/

**CLASS ACTION COMPLAINT**
**DEMAND FOR TRIAL BY JURY**

      NOW COMES the above-named Plaintiffs Amber Mitton, Shani Rasor, Cameron Cook, and Roderick Jackson, by and through their attorneys, Law Offices of Alexander & Angelas, P.C., and hereby complains against the above-named Defendants as follows:

**VENUE AND JURISDICTION**

1. That at all pertinent times Plaintiffs were residents of the State of Michigan.
2. That at all pertinent times Defendants, Christian Insurance Group d/b/a Christian Financial, was a domestic corporation formed under the laws of the State of Michigan and conducting

business in the City of Lansing, County of Ingham, State of Michigan which is within the U.S. District Court, Western District of Michigan, Southern Division.

3. That the Defendants Jacob Hagg, Noah Bushnell, Marissa Warren, David Thompson, Rebecca Riley and Delphine Lim0 are, upon information and belief, residents of the State of Michigan conducting regular business in the City of Lansing, County of Ingham, State of Michigan within the U.S. Western District of Michigan, Southern Divisions, jurisdiction.

4. That Defendants are in the business of selling life, health, and home health care insurance.

5. That this cause of action arose when the Defendants induced Plaintiffs to work with them at an office in the Western District of Michigan, Southern Division.

6. That the Defendants are subject to personal jurisdiction in the Western District of Michigan, Southern Division.

7. That the amount in controversy, exclusive of damages to other similarly situated individuals, is in excess of Seventy-Five Thousand ($75,000.00) Dollars exclusive of fees and costs.

8. That this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1391 and 1965.

9. That this Court also has original jurisdiction regarding claims brought under 18 U.S.C § 1961 et. seq, the Racketeer Influence and Corrupt Originations Act ("RICO").

10. That this Court has the authority to provide remedies in equity.

11. That the claims of the Plaintiffs and potential class action plaintiffs are brought, *inter alia*, under 29 U.S.C.S § 201, commonly known as the federal Fair Labor Standards Act ("FLSA").

12. That the Plaintiffs have consented in writing to become a party to this litigation. (See

Exhibit A, attached hereto).

## GENERAL ALLEGATIONS

13. That on or about January 1, 2021 Plaintiffs responded to an advertisement placed upon the Indeed internet web site offering employment to qualified applicants.

14. That the Indeed web site advertisement stated, in part, that "[a]verage agents typically make between $70K and $100K commission, top-tier driven agents can break $200K." The Indeed advertisement further offered "big commission checks", "base plus commission" and "pay: $70 thousand - $150 thousand per year."

15. That the Plaintiffs responded to the aforementioned Indeed advertisement between January 1 – February 1, 2021 by participating in a job interview.

16. That during the job interview the Plaintiffs were each told that they would receive base compensation and commission between $70,000.00 to $100,000.00 and that "on average they would earn $100,000.00 per year."

17. That representations made to the Plaintiffs regarding remuneration were made by David Thompson and/or Katie Younglove.

18. That although the Plaintiffs were required to work a minimum of 36 hours per week Monday - Thursday, 9:00 a.m. to 6:00 p.m., each Plaintiff worked an average of fifty (50) hours per week.

19. That the Plaintiffs were required to physically appear for work at a location owned, managed and/or controlled by the Defendants; to wit, 1000 W. St Joseph Street, Ste 300, Lansing, MI 48915.

20. That the Plaintiffs were directly supervised by the Defendants during the time that they were on premises.

21. That Plaintiffs were required to strictly follow a phone script when speaking with prospective insurance clients; they were forbidden from deviating from this phone script.

22. That the Plaintiffs initially did not have a license to sell life, health or household care insurance; they could not complete an insurance sale without the involvement of one or more of the named Defendants.

23. That Defendants did not track the Plaintiffs daily hours worked; i.e., no time clocks, no electronic timesheets, no administrator to track employee work hours to permit a full and fair audit of hours worked.

24. That the Plaintiffs had no management responsibilities, no discretion to complete their assigned tasks in a manner other than was strictly governed by the Defendants.

25. That the work of the Plaintiffs was an essential part of the value of Defendant's company.

26. That the Defendants did not pay minimum hourly wages of $9.65 per hour or overtime wages to the Plaintiffs.

27. That Defendants have failed and/or refuse to account for the hours, wages, commissions, tax deductions, miscellaneous deductions, paid or payable by or on behalf of the Plaintiffs.

## COUNT I
## FRAUD AND MISREPRESENTATION

28. That Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 27 above as though more fully set forth herein.

29. That Defendants made certain material representations to the Plaintiffs regarding the financial remuneration that they would receive if they came to work for Defendants.

30. That when the Defendants made the statements to the Plaintiffs regarding remuneration, the Defendants made the statements knowing that they were false or with a reckless disregard for the truth of the statements.

4

31. That the Defendants made the statements regarding remuneration to the Plaintiffs knowing that the Plaintiffs would rely upon the statements.

32. That Plaintiffs did reasonably rely upon the material statements regarding remuneration which were made by the Defendants.

33. That none of the Plaintiffs were remunerated consistent with the statements made by Defendants.

34. That unknown to Plaintiffs, Defendants:

    a. Deducted remuneration owed to Plaintiffs to pay "Fronters;"
    b. Concocted, implemented and/or permitted a scheme to violate state law by permitting unlicensed agents to sell life, health and home health insurance; and,
    c. Forged the signatures of the Plaintiffs and other similarly situated individuals on insurance documents including carrier appointment contracts.

35. That as a result of the knowingly false and/or recklessly made statements regarding remuneration made by Defendants, Plaintiffs suffered damages, including but not limited to:

    a. Lost wages;
    b. Lost opportunity to earn wages at other employment;
    c. Out of pocket expenses for licensing courses, licensing examinations, "seat fees"[1], payments to "fronters", payments made as "charge-backs;"
    d. Incidental economic losses including transportation expenses, clothing, personal hygiene, training expenses; and,
    e. Other economic damages to be determined during the course of discovery.

    WHEREFORE, Plaintiffs seek Judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) together with an assessment of all attorney fees and costs permitted by law.

---

[1] Defendants actually charged each Plaintiff and those similarly situated a $400.00 per month "seat-fee" for the privilege of coming to work.

5

## COUNT II
## RICO

36. That Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 35 above as though more fully set forth herein.

37. That 19 U.S.C. § 1961 defines racketeering activity as involving fraud through the mails (18 U.S.C. § 1341 Fraud and Swindles).

38. That Defendants used email, internet, and the United States Postal Service at all pertinent times hereto to further its illegal scheme.

39. That Defendants developed, organized, coordinated, administered and/or supervised a scheme of failing or refusing to accurately document Plaintiffs' work hour, deductions, taxes, and commissions, amongst other acts or omissions to be determined, with the intent of violating the FLSA and defrauding Plaintiffs.

40. That the Defendants' conduct amounted to a fraud and swindle as defined by 18 USC §1341 which make it illegal to defraud or obtain money or property by means of false or fraudulent pretenses utilizing the postal service.

41. That the Defendants' engaged in a pattern of illegal conduct proscribed under RICO.

42. That the Defendants' meet the definition of an enterprise under RICO because they were complicit in pursuing the illegitimate goals of the corporate defendant.

43. That the bondage of the Plaintiffs without legal remuneration constitutes a fraud and swindle as defined by 18 U.S.C. § 1341 because it was a scheme or artifice to defraud by means of false or fraudulent pretenses using the internet or electronic payment systems.

44. That pursuant to 18 U.S.C. § 1964 Civil Remedies available to the Plaintiffs and other similarly situated individuals include reasonable attorney fees and treble damages.

WHEREFORE Plaintiffs seek Judgment in excess of Seventy-Five Thousand Dollars ($75,000.00), **treble damages**, together with an assessment of all attorney fees and costs permitted by law.

## COUNT III
## CONSTRUTIVE OR SLIENT FRUAD

45. That Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 44 above as though more fully set forth herein.

46. That the hiring of the Plaintiffs under false pretenses was a breach of the Defendants' legal or equitable duty not to deceive Plaintiffs or other similarly situated individuals.

47. That Defendants represented to the Plaintiffs that they would be remunerated in the amount of $70,000.00 - $150,000.00 per year or, alternatively, "an average of $100,000.00 per year for base-plus commissions."

48. That the Defendants failed to disclose to the Plaintiffs the material fact that they would never receive such remuneration.

49. That Defendants knew at the time of interviewing Plaintiffs that representations of remuneration were false, elusory, and/or made recklessly without any knowledge or belief of truthfulness.

50. That Defendants made the false or reckless statements with the intention that the Plaintiffs would act upon the statements and work for Defendants.

51. That Plaintiffs did act in reliance upon the constructive or silent fraud perpetrated by Defendants by working for Defendants.

52. That Plaintiffs suffered injury as a proximate cause of the constrictive or silent fraud including, but not limited to:

    a. Lost wages;

    b. Lost opportunity to earn wages at other employment;
    c. Out of pocket expenses for licensing courses, licensing examinations, "seat fees", payments to "fronters", payments made as "charge-backs;"
    d. Incidental economic losses including transportation expenses, clothing, personal hygiene, training expenses; and,
    e. Other economic damages to be determined during the course of discovery.

WHEREFORE, Plaintiffs seek entry of Judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) together with an assessment of all attorney fees and costs permitted by law.

## COUNT IV
## UNJUST ENRICHMENT

53. That Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 52 above as though more fully set forth herein.

54. That Defendants Noah Bushnell, Merissa Warren, David Thomson and/or Jacob Hagg personally received ACH deposits from insurance companies which were commissions properly payable to the Plaintiffs.

55. That the Defendants derived a financial benefit from, *inter alia*, paying little or no wages, violating the FLSA, failing to properly pay taxes, permitting unlicensed individuals to write insurance, forging documents, and other wrongful acts to be determined.

56. That Defendants have been unjustly enriched by their wrongful acts or omissions to the detriment of Plaintiffs.

57. That it is inequitable for the Defendants to retain the unjust enrichment they received as a result of their wrongful conduct.

WHEREFORE, Plaintiffs seek entry of Judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) together with an assessment of all attorney fees and costs permitted by law.

### COUNT V
### BREACH OF CONTRACT

58. That Plaintiff reallege and incorporates by reference herein paragraphs 1 through 57 above as though more fully set forth herein.

59. That the Defendants offered employment to the Plaintiffs at a remuneration rate of Seventy-Five Thousand to One Hundred and Fifty Thousand Dollars ($75,000.00 to $150,000.00) or, alternatively, "an average $100,000.00 per year base, plus commissions."

60. That Plaintiffs accepted the offer of employment.

61. That Plaintiffs detrimentally relied upon the offer of employment made by Defendants; i.e., some left other jobs, some traveled great distances, all incurred expenses for transportation, expenses for clothing, lost opportunity, and/or "seat-fees."

62. That Plaintiffs worked long hours, generated revenue for the Defendants, promoted the Defendants' business, enriched Defendants and provided other value as required by the terms of the employment contract.

63. That Defendants breached their agreement to remunerate the Plaintiffs in the amount of Seventy-Five Thousand to One-Hundred Fifty Thousand Dollars ($75,000.00 to $150,000.00) or, alternatively, "on average $100,000.00 per year base-plus commissions."

64. That as a proximate result of the breach of contract, the Plaintiffs suffered damages including, but not limited to:

   a. Lost wages;
   b. Lost opportunity to earn wages at other employment;
   c. Out of pocket expenses for licensing courses, licensing

9

       examinations, "seat fees", payments to "fronters", payments made as "charge-backs;"
    d. Incidental economic losses including transportation expenses, clothing, personal hygiene, training expenses; and,
    e. Other economic damages to be determined during the course of discovery.

WHEREFORE, Plaintiffs seek entry of Judgment in excess of Seventy-Five Thousand ($75,000.00) Dollars including an assessment of attorney fees and costs permitted by law.

## COUNT VI
## VIOLATION OF FAIR LABOR STANDARDS ACT

65. That Plaintiff reallege and incorporates by reference herein paragraphs 1 through 64 above as though more fully set forth herein.

66. That the Plaintiffs received an average of $3.35 per hour while working for Defendants.

67. That 29 U.S.C. § 206 mandated a minimum hourly wage of $9.65 in 2021 for non-exempt employees;

68. That 29 U.S.C. § 207 mandates a maximum number of hours that an employer can require an employee to work after which overtime must be paid.

69. That 29 U.S.C § 207 defines the term "regular rate" to include "all remuneration for employment paid to, or on behalf of, the employee…"

70. That 29.U.S.C. § 215 describes prohibited employment practices which includes conduct which violates 29 U.S.C. §§ 206 or 207.

71. That 29.U.S.C. § 216 provides penalties for violating the FLSA including, but not limited to, an award of unpaid minimum wages, unpaid overtime compensation, and an additional equal amount as liquidated damages together with attorney fees and costs.

72. That exemptions to the FLSA's overtime requirements are narrowly construed. Plaintiffs were not "outside salesmen." *Spinden v GS Roofing Prods Co.,* 94 F. 3d 421, 426 (8th cir.

1996).

73. That Plaintiffs were not exempt employees as contemplated by the FLSA § 207.

74. That Plaintiffs were routinely required to work in excess of forty (40) hours per week without additional compensation.

75. That Defendants have violated the FLSA in numerous aspects including, but not limited to:

    a. Failing to document the hours worked by Plaintiffs;
    b. Failing to accurately document for the remuneration paid to the Plaintiffs;
    c. Filing tax forms which were false and/or inaccurate;
    d. Failing to file tax forms;
    e. Failing to pay minimum wages;
    f. Failing to pay overtime wages;
    g. Failing to pay commissions;
    h. Failing to pay or deduct payroll taxes including, but not limited to, Social Security taxes, Medicare taxes, Federal income taxes and/or Michigan income taxes;
    i. Charging Plaintiffs to work;
    j. Characterizing Plaintiffs as either independent contractors or exempt employees contrary to the FLSA, IRS regulations and common law;
    k. Paying employees through the use of Venmo and other similar electronic payment services in an effort to avoid taxes or accountability;
    l. Failing or refusing to produce remuneration records;
    m. Charging Plaintiffs to compensate other employees; and,
    n. Such other wrongful, illegal or illegitimate acts determined during the course of discovery.

    WHEREFORE, Plaintiffs seek entry of Judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) including an assessment of attorney fees and costs permitted by law.

## COUNT VII
## CLAIM FOR EQUITABLE RELIEF

76. That Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 75 above as though more fully set forth herein.

77. That as a condition of employment Defendants required Plaintiffs to sign a Non-Compete/Non-Solicitation Agreement.

78. That the Non-Compete/Non-Solicitation Agreement stated in part:

> For a period of twenty-four months immediately the termination of The Agreement for any reason…, the Agent will not compete with Christian Financial and its successors and assigns, without the prior written consent of Christian Financial. Furthermore, Agent agrees to not contract with *any insurance company*, agency, agent, or marketing organization while under contract with Christian Financial and for twenty-four months thereafter.
>
> ***
>
> This Agreement shall cover the Agent's activities in every part the Territory in which the Agent may conduct business activities as set forth in, and during the term of the Agreement. The Territory of this Agreement just to the States Christian Financial is Licensed to transact insurance business in.

(Emphasis added.)

79. That the Non-Compete/Non-Solicitation Agreement purported to be supported by "significant value".

80. That, in fact, Plaintiffs received no "significant value" from their employment with Defendants.

81. That Defendants conduct business in nine States.

82. That to preclude the Plaintiffs from becoming employed as insurance agents with "any insurance company, agency, agent, or marketing organization" for a period of twenty-four (24) months and in nine (9) States constitutes an unfair, overly broad, unnecessary, oppressive, limitation upon the ability to seek and obtain gainful employment contrary to public policy.

83. That Plaintiffs were coerced into signing this Non-Compete/Non-Solicitation Agreement upon threat of refusal to hire.

84. That the Defendants had a vastly inferior bargaining position vis-s-vis Plaintiffs when negotiating the terms and conditions of their employment.

85. That Plaintiffs pray that this Court deem the Non-Compete/Non-Solicitation Agreement void *ab initio* as a matter of equity.

WHEREFORE, Plaintiffs seek entry of Judgment providing equitable relief to the fullest extent permitted by law.

## COUNT VII
## CLASS ACTION ALLEGATIONS

86. That Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 85 above as though more fully set forth herein.

87. That the question of whether the Defendants were unjustly enriched, breached employment contracts, committed constructive or silent fraud, violated the Fair Labors Standard Act, violated the Racketeer Influenced and Corrupt Organization Act or inequitably forced individuals to sign Non-Compete/Non-Solicitation Agreements involves questions of law or fact which are common to an entire class of approximately twenty-six (26) similarly situated individuals.

88. That because there are approximately twenty-six (26) individuals who are similarly situated, the joinder of all members is impractical. FRCP 23(A)(1).

89. That the claims or defenses of the representative class parties are typical of the claims or defenses of the entire class.

90. That the prospective Plaintiff class representatives, Amber Mitton, Shani Rasor, Cameron Cook, and Roderick Jackson would fairly and adequately protect the interests of the entire class.

91. That prosecuting the multitude of separate actions by or against individual class members

would create a risk of inconsistent or variant adjudications with respect to individual class members and could potentially establish incompatible standards of conduct for the party opposing the class.

92. That the questions of law or fact common to class members predominate over any questions effecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

WHEREFORE, Plaintiffs, Amber Mitton, Shani Rasor, Cameron Cook, and Roderick Jackson, respectfully request an Order granting class certification of this action, actual damages, double and/or treble damages, attorney fees, court costs, and interest as permissible by law together with an Order enjoining Defendants from further offensive conduct in violation of public policy, State and Federal law, fairness and equity.

    Respectfully submitted,

    Law Offices of
    ALEXANDER & ANGELAS, P.C.

    By:   */s/ Peter A. Angelas*
          **Peter A. Angelas** (P41739)
          **John T. Alexander** (P43789)
          Attorneys for Plaintiffs
          30200 Telegraph Rd – Ste 400
          Bingham Farms  MI  48025-4506

Dated: March 11, 2022                             (248) 290-5600

## **JURY DEMAND**

NOW COMES the above-named Plaintiffs, Amber Mitton, Shani Rasor, Cameron Cook, and Roderick Jackson, by and through their attorneys, Law Offices of Alexander and Angelas, P.C., and hereby demand a trial by jury.

                              Law Offices of
                              ALEXANDER & ANGELAS, P.C.
                              By:    */s/ Peter A. Angelas*
                                    **Peter A. Angelas** (P41739)
                                    **John T. Alexander**  (P43789)
                                    Attorneys for Plaintiffs
                                    30200 Telegraph Rd – Ste 400
                                    Bingham Farms  MI  48025-4506
Dated: March 11, 2022                        (248) 290-5600